# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

STEVEN COHEN PRODUCTIONS, LTD.,  )
                                 )
                    Plaintiff,   )     Case No.: 2:12-cv-01995-GMN-CWH
          vs.                    )
                                 )     **ORDER**
LUCKY STAR, INC.,                )
                                 )
                    Defendant.   )
                                 )

Pending before the Court is the Motion for Summary Judgment (ECF No. 50) filed by Plaintiff Steven Cohen Productions, Ltd. ("Plaintiff") on March 3, 2014.  On March 19, 2014, Defendant Lucky Star, Inc. ("Defendant") filed a Motion to Extend Time (ECF No. 59), requesting that it be granted an extension to respond to Plaintiff's Motion for Summary Judgment until 30 days after the Court ruled on its Motion to Extend Discovery (ECF No. 53) that was then pending.  On March 26, 2014, Magistrate Judge Carl W. Hoffman, Jr. granted in part Defendant's Motion to Extend Discovery and ordered that the parties had 45 days to schedule the remaining depositions. (ECF No. 68.)  Judge Hoffman further ordered that "[t]he parties shall notify the Court of the date of the last deposition scheduled, and shall file a stipulation and proposed order extending the dispositive motions deadline 30 days past the date of the last deposition." (*Id.*)  To date, there has been no filing by either party indicating that the remaining depositions have been scheduled or conducted.

Rule 56(d) of the Federal Rules of Civil Procedure provides a procedure by which a party may avoid summary judgment when such party has not had sufficient opportunity to discover affirmative evidence necessary to oppose the motion. *See Garrett v. San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987).  In particular, Rule 56(d) provides that a court may deny a

summary judgment motion and permit the opposing party to conduct discovery where it appears that the opposing party, in the absence of such discovery, is unable to present facts essential to opposing the motion. FED. R. CIV. P. 56(d).  A pending discovery motion is sufficient to raise a question as to whether the party opposing summary judgment should be permitted additional discovery, even if no request under Rule 56(d) has been made. *See Garrett*, 818 F.2d at 1518.

Here, by granting Defendant's Motion to Extend Discovery and setting the dispositive motion schedule to begin 30 days after the parties notified the Court of the completion of discovery, Judge Hoffman found that additional discovery was necessary for Defendant to properly respond to Plaintiff's Motion for Summary Judgment. *See* (Order, ECF No. 68.) However, it has been over two and a half months since the date by which the parties should have filed a stipulation with the Court indicating that sufficient discovery had been conducted, but the parties have failed to comply with the Court's order.  Accordingly, the Court finds it is proper to deny Plaintiff's Motion for Summary Judgment (ECF No. 50) without prejudice, and allow Plaintiff to file a renewed motion for summary judgment after the parties have notified the Court of the completion of discovery.  Having denied Plaintiff's motion, Defendant's Motion to Extend Time (ECF No. 59) is now moot.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 50) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Extend Time (ECF No. 59) is **DENIED as moot**.

**DATED** this 1st day of August, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge