UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN COHEN PRODUCTIONS, LTD., A Nevada Corporation, <br><br>              Plaintiff, <br>   vs. <br><br>LUCKY STAR, INC., a Tennessee Corporation, <br><br>             Defendant. | Case No.: 2:12-cv-01995-GMN-CWH <br><br>**ORDER** |

Pending before the Court is the Third Motion to Dismiss (ECF No. 73) filed by Defendant Lucky Star, Inc. ("Defendant"). Plaintiff Steven Cohen Productions, Ltd. ("Plaintiff") filed a Response (ECF No. 74) to the Third Motion to Dismiss and Defendant filed a Reply (ECF No. 75). Additionally before the Court is Plaintiff's Motion for Leave to File Sur-Reply (ECF No. 76). For the reasons discussed below, the Court **GRANTS in part and DENIES in part** Plaintiff's Motion for Leave to File Sur-Reply and **GRANTS** Defendant's Motion to Dismiss.

## I.    BACKGROUND

Plaintiff is a Nevada corporation in the business of providing specialized equipment to the music industry for live concert productions. (Am. Compl. 1:22–24, ECF No. 9). Defendant is a Tennessee corporation that does business as the pop and country music band known as "Sugarland." (*Id*. 1:25–26, ECF No. 9). Defendant is insured by Fireman's Fund Insurance Company ("Fireman's Fund"), and Plaintiff is insured by St. Paul Fire and Marine Insurance Company, a wholly owned subsidiary of Travelers Insurance Company ("St. Paul"). (First MTD 3:19−20, 4:22−24, ECF No. 19; Resp. to Third MTD 2:23, ECF No. 74).

In its Amended Complaint, Plaintiff alleges a claim for breach of contract against Defendant arising from Defendant's failure to compensate Plaintiff for equipment damage pursuant to the terms of an Agreement for Services ("Agreement") between the parties. (Am. Compl. 1:25−26, ECF No. 9); *see also* (Agreement, Ex. 1 to Am. Compl., ECF No. 9-1).

Pursuant to the Agreement, and in connection with the "Sugarland 'The Incredible Machine' Tour 2011," Plaintiff provided lighting equipment, lighting services, video reinforcement, and other related services to Defendant. (Am. Compl. 2:8–10, ECF No. 9). On August 13, 2011, Plaintiff's equipment was damaged while in use by Defendant during a concert at the Indianapolis State Fair. (*Id*. 3:2–3). After the incident, Plaintiff submitted an insurance claim with St. Paul and was reimbursed $1,919,716.28 for the loss of the equipment. (First MTD 4:22−24, 5:1−2, ECF No. 19); *see* (Third MTD 4:19−5:5, ECF No. 73). Plaintiff subsequently demanded payment from Defendant pursuant to the Agreement, and Defendant refused to provide compensation. (Am. Compl. 3:6–8, ECF No. 9).

On August 17, 2012, Fireman's Fund filed suit against St. Paul in the United States District Court for the Middle District of Tennessee (the "Tennessee Action"). (First MTD 5:8−13, ECF No. 19). In the Tennessee Action, Fireman's Fund alleges that it has no obligation under the insurance policy to pay for any loss or damage to Plaintiff's equipment until after Plaintiff utilizes its policies with St. Paul. (Ex. B to First MTD ¶ 22, ECF No. 19-2). Conversely, St. Paul maintains that Fireman's Fund's obligation is primary, and that Fireman's Fund must pay for the loss and damage to the equipment. (*Id*.). At the time of this Order, St. Paul and Fireman's Fund have pending cross-motions for summary judgment awaiting decision in the Tennessee Action. *See Fireman's Fund Ins. Co. v. St. Paul Fire and Marine Ins. Co. and Travelers Indemnity Co.*, M.D. Tenn., 3:12-CV-00851.

Plaintiff initiated the present action for breach of contract by filing its Complaint (ECF No. 1) before this Court on November 16, 2012, basing jurisdiction on the diversity of the

parties pursuant to 28 U.S.C. §1332.  One month later on December 11, 2012, Plaintiff filed the operable Amended Complaint, attaching a copy of the Agreement as an exhibit. (Am. Compl., ECF No. 9).  Defendant filed its First Motion to Dismiss, alleging that Plaintiff did not have a viable breach of contract claim against Defendant because the Agreement "precludes liability of either party to the other." (First MTD 8:14−23, ECF No. 19).  Therefore, Defendant asserted that Plaintiff failed to state a claim for which relief can be granted. (*Id.*).  This Court, however, denied Defendant's motion, finding that "the terms of the Agreement d[id] not unambiguously absolve Defendant of liability for damages." (Order Den. First MTD 4:11−12, ECF No. 42).

Defendant subsequently filed a Second Motion to Dismiss, seeking to dismiss Plaintiff's claims pursuant to 12(b)(7) or, in the alternative, compel joinder of St. Paul. (Second MTD, ECF No. 51).  Specifically, Defendant alleged that this action is not a "simple breach of contract action between [Plaintiff] and [Defendant]," but "[i]n reality, this is a subrogation action" by St. Paul "to recover amounts paid under an insurance policy issued to [Plaintiff]." (*Id.* 3:5−7).  Defendant asserted that St. Paul "is the real party in interest" and therefore, "must be joined as a plaintiff" because St. Paul "maintains a direct pecuniary interest in this litigation and should be joined." (*Id.* 3:13−15, 4:6−8).  Plaintiff's Response to Defendant's Second Motion (ECF No. 63) stated that Plaintiff "will stipulate to amending the Amended Complaint on its face to include as an additional party Plaintiff, [St. Paul] . . . as subrogee of [Plaintiff]." (Resp. to Sec. MTD 2:3−6, ECF No. 63).  However, before the Court addressed this issue, Defendant voluntarily withdrew its Second Motion to Dismiss. (Withdrawal of Second MTD, ECF No. 72).

Now before the Court is Defendant's Third Motion to Dismiss, in which Defendant changes tack from its position in the Second Motion to Dismiss and asserts that Plaintiff's Amended Complaint lacks subject matter jurisdiction. (Third MTD 1:23, ECF No. 73). Specifically, Defendant now asserts that Plaintiff does not meets the necessary amount in

controversy because Plaintiff has failed to join St. Paul as a party, the date to join parties has passed, and without St. Paul as a party, the amount in controversy is only $7,500. (*Id.* 7:1−4).

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). Subject matter jurisdiction exists over suits between citizens of different states where the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). There is a strong presumption against subject matter jurisdiction, and the burden of overcoming this presumption falls upon the party asserting that jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

"Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Further, "[t]o justify dismissal, 'it must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997). Finally, complete diversity of citizenship under 28 U.S.C. § 1332 requires that each plaintiff must be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

## III. DISCUSSION

Defendant asserts that Plaintiff's sought relief does not meet the minimum amount in controversy required for diversity jurisdiction and that the deadline to amend pleadings and add parties "has clearly passed." (Third MTD 1:24−25; 10:27−11:2, ECF No. 73). Plaintiff contends that St. Paul is a subsequent real party in interest in the action and, joined together, the

amount in controversy is met. (Resp.to Third MTD 5:28−6:1, ECF No. 74).

Additionally, Plaintiff filed a Motion for Leave to File Sur-Reply, alleging Defendant raised new arguments in the Reply. *See* (Mot. for Leave to File Sur-Reply 2:17−19, ECF No. 76). Plaintiff requests oral argument on the matter and to address the new issues asserted. (*Id.*). Defendant did not file an opposition to this motion. The Court will first address Plaintiff's Motion for Leave to File Sur-Reply and then address Defendant's Third Motion to Dismiss.

**A.  Motion for Leave to File Sur-Reply**

Local Rule 7–2(a)(c) allows for a motion, a response, and a reply. No provision exists for filing a sur-reply. "A sur-reply may only be filed by leave of court, and only to address new matters raised in a reply to which a party would otherwise be unable to respond." *Kanvick v. City of Reno*, No. 3:06-cv-00058, 2008 WL 873085, at *1, n.1 (D. Nev. March 27, 2008). Furthermore, sur-replies "are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter." *Lacher v. W.*, 147 F.Supp.2d 538, 539 (N.D. Tex. 2001).

However, it is improper for a party to raise a new argument in a reply brief because the opposing party is not afforded an opportunity to respond. *See Salem Vegas, L.P. v. Guanci*, No. 2:12-cv-01892, 2013 WL 5493126, at *3 (D. Nev. Sept. 30, 2013). Where the moving party presents new matters for the first time in a reply brief, the Court may either refuse to consider the new matters or allow the opposing party an opportunity to respond. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (citing *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003) ("[t]he district court need not consider arguments raised for the first time in a reply brief")).

Here, Plaintiff requests an opportunity to be heard at oral argument and to respond to the new arguments and case law presented by Defendant in its Reply relating to the applicability of a subrogation claim in this case. *See* (Ex. A to Mot. for Leave to File Sur-Reply 3:2−4, 13−14,

1  ECF No. 76-1). Defendant has not filed an opposition to this motion. Because Defendant
2  presents new matters for the first time in the Reply and has failed to oppose the motion, the
3  Court grants Plaintiff's request to file a sur-reply. *See* D. Nev. R. 7–2(d) ("The failure of an
4  opposing party to file points and authorities in response to any motion shall constitute a consent
5  to the granting of the motion."). Accordingly, the Court will consider the arguments when
6  ruling on the Third Motion to Dismiss. However, the Court finds that oral argument is not
7  warranted to resolve the pending Third Motion to Dismiss. Therefore, the Court grants
8  Plaintiff's request to file a sur-reply, but denies Plaintiff's request for oral argument.

9       **B.  Subject Matter Jurisdiction**

10      Defendant's current motion seeks to dismiss Plaintiff's Amended Complaint in its
11  entirety based on the Court's lack of subject matter jurisdiction. (Third MTD 1:23, 27−28, ECF
12  No. 73). Specifically, Defendant asserts that Plaintiff's only remaining financial damages
13  amount to $7,500, and therefore, Plaintiff's claim fails to meet the minimum amount in
14  controversy requirement. (*Id.* 1:25−28).
15      Rule 16 requires a showing of good cause for any modification to the court's scheduling
16  order, such as amending the deadline to add a party. Fed. R. Civ. P. 16(b)(4). District courts,
17  however, have broad discretion to manage the pretrial phase of litigation. *Zivkovic v. S.*
18  *California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Moreover, Rule 19 requires a
19  party be joined if, in that party's absence, the court "cannot accord complete relief among
20  existing parties" or the party "claims an interest relating to the subject of the action." Fed. R.
21  Civ. P. 19(a)(1)(A)−(B).
22      Here, Plaintiff asserts that this Third Motion to Dismiss is "yet another specious attempt
23  to further delay the Court from making a decision on the merits of this case," as Defendant "has
24  employed delay as its primary tactic." (Resp. to Third MTD 2:3−6, ECF No. 74). Specifically,
25  Plaintiff alleges that it had previously stipulated to include St. Paul as a party and, when

coupled with St. Paul's claim, the Parties collectively allege damages in excess of $1,900,000.00, meeting the amount in controversy requirement. (*Id.* 4:22−23, 5:28−6:1; Am. Compl. 3:22, ECF No. 9). However, Plaintiff admits it was reimbursed for the loss of the equipment, and the only remaining loss that has not been paid is the $7,500 deductible. (Third MTD 5:1−18, ECF No. 73). Furthermore, Plaintiff's Response appears to concede that the amount in controversy is not met by alleging St. Paul needs to be joined as a Plaintiff in order to reach the threshold amount. *See* (Resp. to Third MTD 11:7−9, ECF No. 74).

Because St. Paul is not currently party to the present action and Plaintiff's only remaining damages are $7,500, Defendant is correct that the Court may not exercise subject matter jurisdiction over the action as it is presently alleged. Therefore, because Plaintiff has not demonstrated that the amount in controversy is greater than $75,000 by a preponderance of the evidence, the Court grants Defendant's Motion to Dismiss.

However, Rule 15(a)(2) of the Federal Rules of Civil Procedure allows courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Id.*; *Forman v. Davis*, 371 U.S. 178, 182 (1962). Generally, the Court denies leave to amend only when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yello Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Further, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured." *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

Because amending Plaintiff's complaint to include St. Paul as a party would resolve the subject matter jurisdiction issue, the Court finds that amendment would not be futile. As Defendant itself accurately argued, St. Paul "should be joined as a matter of fundamental

fairness" because St. Paul has a "real interest in the recovery the complaint seeks." (Second MTD 11:13, 26−27, ECF No. 51). Because district courts have broad discretion over managing the pretrial phase of litigation, the date passing to join additional parties does not preclude Plaintiff from amending its Amended Complaint, joining St. Paul as a party. *See Zivkovic*, 302 F.3d at 1087. Therefore, Plaintiff's Amended Complaint is dismissed without prejudice and Plaintiff is granted leave to file a second amended complaint curing the jurisdictional defect. Plaintiff shall file a second amended complaint within twenty-one days of the date of this Order joining St. Paul as plaintiff. Failure to file a second amended complaint by this date shall result in the Court dismissing Plaintiff's claims against Defendant with prejudice.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Leave to File Sur-Reply (ECF No. 76) filed by Plaintiff is **GRANTED in part and DENIED in part** in accordance with this Order.

**IT IS FURTHER ORDERED** that the Third Motion to Dismiss (ECF No. 73) filed by Defendant is **GRANTED**. Plaintiff's Amended Complaint (ECF No. 9) is **DISMISSED without prejudice**. Plaintiff shall have **until Friday, June 26, 2015**, to file a second amended complaint. Failure to file a second amended complaint by this date shall result in the **dismissal** of Plaintiff's claim **with prejudice**.

**IT IS FURTHER ORDERED** that the parties file briefing **by Friday, June 26, 2015**, to show cause why venue of this case should not be transferred to the Middle District of Tennessee for consolidation with case number 3:12-CV-00851. Failure to file show cause briefing by the deadline may result in the transfer of this case.

**DATED** this 5th day of June, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge